IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-177-FL

| | | |
|---|---|---|
| JUSTIN EMMANUEL ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| COMPANY OF AMERICA; | ) | |
| EDUCATIONAL DATA SYSTEMS | ) | |
| INCORPORATED; CAPE FEAR | ) | |
| AVIATION MAINTENANCE, LLC, d/b/a | ) | |
| Cape Fear Aviation; CAPE FEAR | ) | |
| AVIATION SERVICES, LLC, d/b/a Cape | ) | ORDER |
| Fear Aviation; CAPE FEAR AVIATION | ) | |
| FAYETTEVILLE, LLC, d/b/a Cape Fear | ) | |
| Aviation; SCOT SMITH, Individually and | ) | |
| as Owner of Cape Fear Aviation | ) | |
| Maintenance, LLC; ROGER DALE | ) | |
| SMITH, Individually and as Owner of Cape | ) | |
| Fear Aviation Fayetteville LLC; CYNTHIA | ) | |
| B. SMITH, Individually and as Owner of | ) | |
| Cape Fear Aviation; and JACOB JAKE | ) | |
| PARSONS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to remand, (DE 17), and defendant Travelers Property Casualty Company of America's ("Travelers") motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE 14). These motions have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion to remand is denied and defendant Travelers's motion to dismiss is granted.

**STATEMENT OF THE CASE**

Plaintiff initiated this declaratory judgment action in Cumberland County Superior Court on November 12, 2021, seeking judicial determination that defendant Travelers, an insurance company, is obligated to provide coverage to defendant Educational Data Systems Incorporated ("EDSI") for damages that may be awarded in an underlying tort action pending in Cumberland County Superior Court, Case No. 20-CVS-5751, consolidated for discovery purposes with Case No. 20-CVS-5121 (hereinafter, the "underlying tort action"). In the underlying tort action, plaintiff alleges that he was severely injured in an airplane crash and that each of the defendants in this declaratory judgment action are jointly and severally liable for his injuries. Plaintiff seeks costs and attorneys' fees.

Defendant Travelers removed the action to this court May 3, 2022, asserting defendants Cape Fear Aviation Maintenance, LLC; Cape Fear Aviation Services, LLC; Cape Fear Aviation Fayetteville, LLC; Scot Smith; Roger Dale Smith; Cynthia B. Smith; and Jacob "Jake" Parsons (collectively "Cape Fear defendants") were fraudulently joined and thus could be disregarded for jurisdictional purposes. Amongst the remaining parties, defendant Travelers asserted there was complete diversity and the requirements of 28 U.S.C. § 1332 were thus satisfied. Thereafter, defendant Travelers filed the instant motion to dismiss, to which both plaintiff and defendant EDSI responded.

Plaintiff subsequently filed the instant motion to remand the case on the basis that the Cape Fear defendants were not fraudulently joined, and complete diversity was accordingly lacking. In the alternative, plaintiff contends it is within the court's discretion to decline to exercise jurisdiction. Defendant Travelers responded in opposition.

Also pending in this court is a separate related declaratory judgment action, case No. 5:21-CV-468-FL, filed by defendant Travelers against defendant EDSI seeking declaration that it does not owe coverage to EDSI. A second related declaratory judgment action, case No. 5:21-CV-466-FL, filed by guardian ad litem to another passenger severely injured in the airplane crash, was dismissed by the court for failure to state a claim, on July 8, 2022, and with counterclaim by defendant EDSI dismissed without prejudice in favor of adjudication of the same in case No. 5:21-CV-468-FL. (See July 8, 2022, Order, Case No. 5:21-CV-466-FL, DE 37).

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. Plaintiff attended an "aviation career day" at Gray's Creek Airport on February 20, 2020. (Compl. (DE 1-1) ¶ 20). The career day was a "partnership or joint enterprise" between defendant EDSI, the Cape Fear defendants, and others not party to this action. (Id. ¶ 22). As part of the career day activities, plaintiff was flown in an airplane owned and operated by the Cape Fear defendants. (Id. ¶ 21). That airplane crashed, and plaintiff suffered severe personal injuries including two broken ankles, a cracked sternum, lacerations to the head, and injuries to the back. (Id.).

Prior to that accident, defendant Travelers issued an "Excess Follow-Form and Umbrella Liability Insurance Policy" (hereinafter, the "insurance policy") to defendant EDSI. (Id. ¶ 14). Defendant Travelers denies that the insurance policy provides coverage for the injuries sustained during the aviation career day. (Id. ¶ 30).

## COURT'S DISCUSSION

A.    Motion to Remand

    1.    Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).[1]  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction."  Id.  "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

    2.    Analysis

In its notice of removal, defendant Travelers invokes the court's diversity jurisdiction.  This court has diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."  Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business.  See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).

---

[1]    Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

Plaintiff and the Cape Fear defendants are all citizens of North Carolina, (see Compl. (DE 1-1) ¶¶ 2, 5-10, 12; Not. of Rem. (DE 1) ¶¶ 9, 12), and thus, complete diversity is lacking. Defendant Travelers argues, however, that the citizenship of Cape Fear defendants must be disregarded for diversity purposes because they were fraudulently joined in this action. The court agrees.

"[T]he fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." Weidman v. Exxon Mobil Corp., 776 F.3d 214, 218 (4th Cir. 2015). The doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015).

Invocation of the fraudulent joinder doctrine is appropriate only where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993) (emphasis in original). "[U]ltimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. at 424. "In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the

basis of joinder by any means available." <u>AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.</u>, 903 F.2d 1000, 1004 (4th Cir. 1990).

Defendant Travelers contends that plaintiff cannot maintain a breach of contract claim against the Cape Fear defendants because neither plaintiff nor the Cape Fear defendants are a party to the insurance policy. Rather, the insurance policy is between defendant Travelers, the insurer, and defendant EDSI, the insured. (Compl. (DE 1-1) ¶¶ 14, 19). In response, plaintiff contends that he has an interest in the insurance policy as he hopes to benefit from it as an individual allegedly injured by EDSI, and the Cape Fear defendants similarly hope to benefit from the policy as they would be jointly and severally liable with EDSI if plaintiff wins the underlying state tort suit.

Neither North Carolina nor Michigan law[2] support a claim for declaratory judgment adjudicating the rights under an insurance policy brought by an injured person not named in the policy against defendants also not named in the policy. <u>See</u> <u>Schmalfeldt v. North Pointe Ins. Co.</u>, 469 Mich. 422, 427 (2003); <u>Vogel v. Reed Supply Co.</u>, 277 N.C. 119, 126, 177 S.E.2d 273, 277 (1970). While it is a closer call whether an injured party may bring such a claim against a party to the contract, an issue considered below in relation to defendants Travelers and EDSI, there is no such ambiguity for one brought against parties who are not. That is particularly true where, as here, the interests of those parties are likely not adverse to plaintiff's. <u>See</u> <u>Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.</u>, 487 Mich. 349, 372 n.20 (2010) ("[T]he essential requirement of the term 'actual controversy' under the rule is that plaintiffs plead and prove facts which indicate

---

[2]     According to defendant Travelers, the insurance policy was issued and delivered to EDSI at its address in Dearborn, Michigan. Defendant Travelers thus asserts that, under North Carolina choice of law, Michigan substantive law applies. (Travelers Mem. (DE 15) at 3 (citing <u>Fortune Ins. Co. v. Owens</u>, 351 N.C. 424, 428 (2000))). EDSI, however, contends that North Carolina law applies pursuant to G.S. § 58-3-1. (EDSI Mem. (DE 16) at 2). As neither party asserts that the law of either state is materially different with respect to the issues in question, the court does engage in a choice of law analysis at this juncture.

an adverse interest necessitating the sharpening of the issues raised."); Malloy v. Cooper, 356 N.C. 113, 116 (2002) ("[J]urisdiction under the Declaratory Judgment Act may be invoked only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute."). Accordingly, there is "no possibility" that plaintiff will be able to establish a cause of action arising out of the insurance policy against the Cape Fear defendants, and they are thus fraudulently joined. Marshall, 6 F.3d at 232-33.

Plaintiff's arguments to the contrary are unavailing. Plaintiff relies primarily upon Beaufort Cnty. Sch. Dist. v. United Nat. Ins. Co., 519 F. Supp. 2d 609, 614 (D.S.C. 2007), where the district court allowed the plaintiff school district to maintain an action against two defendant insurance companies, both of whom plaintiff maintained a policy with, and all in relation to settlements for alleged misconduct by a schoolteacher employed by plaintiff. Here, by contrast, plaintiff is not a party to the insurance policy. Rather, he maintains that he has a cause of action against the Cape Fear defendants, also not parties to the policy, as they all stand to benefit from a favorable construction of the policy. Neither Michigan nor North Carolina law supports a declaratory judgment action between such parties. See Greenlees v. Owen Ames Kimball Co., 340 Mich. 670, 676 (1954) ("A third person cannot maintain an action upon a simple contract merely because he would receive a benefit from its performance or because he is injured by the breach thereof."); Matternes v. City of Winston-Salem, 286 N.C. 1, 13 (1974) (same).

In sum, as there is "no possibility" that plaintiff will be able to establish a cause of action under the insurance policy against the Cape Fear defendants, the court finds they were fraudulently joined. The court accordingly disregards their citizenship for diversity purposes and dismisses them from the action. See Johnson, 781 F.3d at 704. As plaintiff is a citizen of North Carolina, defendant EDSI is a citizen of Michigan, and defendant Travelers is a citizen of Connecticut, there

7

is complete diversity among the parties and diversity jurisdiction is proper. Plaintiff's motion to remand is accordingly denied.[3]

Having determined that plaintiff cannot establish a cause of action arising out of the insurance policy against the Cape Fear defendants, who are not party to the insurance policy, the court now considers whether plaintiff can establish such action against defendant Travelers, the insurer, and defendant EDSI, the insured.

B.    Motion to Dismiss

    1.    Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.   In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd.  v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

---

[3]    Plaintiff argues additionally that even if there is complete diversity, the court should nevertheless decline to exercise jurisdiction to avoid "unnecessary entanglement between the federal and state court systems because of overlapping issues of fact or law between the underlying tort action and the declaratory judgment action." (Pl. Mem. (DE 18) at 6-8).  To the extent there is an entanglement, however, it is presently unavoidable as identical overlaps of fact and law already exist in related case Travelers v. EDSI, 5:21-CV-468, filed before this court.  There, defendant Travelers also seeks declaratory relief to construe the insurance policy in issue.

2.      Analysis

Defendant Travelers asserts plaintiff's claim must be dismissed as he lacks standing to have the insurance policy construed under applicable Michigan and North Carolina statutes. The court agrees.

The Fourth Circuit has distinguished between constitutional standing, prudential standing, and statutory standing. CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52 (4th Cir. 2011). "To possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury." Id. Prudential standing

> encompasses several judicially-created limits on federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.

Id.

Statutory standing, by contrast, "is perhaps best understood as not even standing at all." Id. "Statutory standing applies only to legislatively-created causes of action and concerns whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action." Id. Thus, while "[c]onstitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing. . . . [s]tatutory standing is simply statutory interpretation." Id. Thus, "typically, a dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52 (4th Cir. 2011); see Capitol Prop. Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co., 757 F. App'x 229, 232 n.1 (4th Cir. 2018) (noting the district court, which found a lack of Article III standing where plaintiff was not a party to the insurance contract under Virginia law, should instead have framed the issue as a failure to state a claim for breach of contract).

Defendant Travelers argues that under both Michigan and North Carolina law plaintiff is a third-party beneficiary under the insurance policy and accordingly lacks the substantive right to initiate litigation over whether coverage existed.

Under Michigan law, "only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor." Schmalfeldt v. North Pointe Ins. Co., 469 Mich. 422, 427 (2003). Third-party beneficiaries are defined by statute, pursuant to which the Michigan Supreme Court has concluded that an injured person not named in an insurance contract is not a third-party beneficiary to the contract. Id. Rather, he is merely an incidental beneficiary. Id. In Schmalfeldt, for instance, the court concluded that a patron who allegedly suffered dental injuries during a bar fight was only an incidental beneficiary of the commercial liability insurance policy between the bar and its insurance carrier as he was not named within it. Id. at 429. The patron accordingly had no right to sue the carrier for medical payment under the policy. See id. ("Nothing in the insurance policy specifically designates Schmalfeldt, or the class of business patrons of the insured of which he was one, as an intended third-party beneficiary of the medical benefits provision. At best, the policy recognizes the possibility of some incidental benefit to [him].") Plaintiff does not allege that he was named in the insurance policy. He accordingly lacks standing to bring a claim for breach of contract under it.

Whether plaintiff can bring a claim for declaratory judgment, however, is a separate question. The Michigan Supreme Court has held that an injured party has standing to continue an action for a declaration of insurance coverage where both the insured and the injured party were named by the insurer as defendants in the action. Allstate Ins. Co. v. Hayes, 442 Mich. 56, 69 (1993). In Allstate Ins. Co., Allstate filed a motion for summary disposition and argued that the default of the insured party deprived the injured party of standing. Id. at 59. The court concluded

that as Allstate had named the injured party in the action, it had "consented to a determination of the coverage question. Allstate cannot complain about that determination on the basis of a lack of standing." Id. The court, however, expressly declined to reach the issue of whether an injured party has a "vested" interest, from the time of the injury, that would permit it to bring its own action for declaratory relief. Id. at 63. While the Michigan Supreme Court has not since revisited that particular question, lower courts addressing the issue have concluded an injured party cannot. See, e.g., Schafer Oil Co. v. Universal Underwriters Ins. Co., 820 F. Supp. 321, 324-25 (E.D. Mich. 1993).

Thus, the case law in Michigan does not presently afford an injured party such as plaintiff a "vested" right to bring a direct claim for declaratory relief under a contract to which he is not a party, and it is not for this court to extend the law in Michigan to create such an interest. See Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992) ("Absent a strong countervailing federal interest, the federal court . . . should not elbow its way into this controversy to render what may be an uncertain and ephemeral interpretation of state law."). Accordingly, the court finds plaintiff lacks statutory standing to bring this declaratory judgment action under Michigan law.

Turning, then, to North Carolina law, the North Carolina Supreme Court has similarly held that "[i]f the contract was not made for the benefit of the third party, he has no cause of action upon the contract to enforce it, or sue for its breach." Vogel v. Reed Supply Co., 277 N.C. 119, 126 (1970). "The intention of the parties to the contract determines whether the plaintiff is a mere incidental beneficiary thereof." Matternes v. City of Winston-Salem, 286 N.C. 1, 13, 209 S.E.2d 481, 487-88 (1974). "A third person cannot maintain an action upon a simple contract merely because he would receive a benefit from its performance or because he is injured by the breach

thereof." Id. at 488. Rather, the "real test" is "whether the contracting parties intended that a third person should receive a benefit which might be enforced in the courts." Vogel, 277 N.C. at 128.

N.C. Gen. Stat. § 1–254 sets forth the following criteria as to what persons are entitled to declaratory relief:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

Id. (emphasis added). Construing this statute, the North Carolina Supreme Court has concluded that courts can "render a declaratory judgment only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise." Nationwide Mut. Ins. Co. v. Roberts, 261 N.C. 285, 287 (1964). Thus, to seek a declaratory judgment, a party must have "rights and liabilities" under the contract. Id.

Lower courts have accordingly held that without being parties to the contract at issue or having some other legally enforceable right under it incidental beneficiaries lack standing to have the insurance contract construed. See Whittaker v. Furniture Factory Outlet Shops, 145 N.C. App. 169, 173 (2001); Terrell v. Lawyers Mut. Liab. Ins. Co., 131 N.C.App. 655, 661 (1998) ("Absent an enforceable contract right, an action for declaratory relief to construe or apply a contract will not lie."). For instance, in DeMent v. Nationwide Mutual Ins. Co., 142 N.C. App. 598 (2001) the court concluded that an automobile accident victim could not bring an action directly against the tort-feasor's liability insurer for a declaratory judgment because his general claim of entitlement was merely incidental to the insurance policy, and his claim against the insured tort-feasor had not been established as an enforceable contractual right. Id. at 601.

Plaintiff does not allege he is a party to the insurance policy or that he otherwise has an enforceable right, such as a judgment against EDSI, under it. He accordingly lacks statutory standing under North Carolina law to bring an action for declaratory relief to construe the policy.

As on the facts alleged plaintiff lacks statutory standing to bring this declaratory judgment action under both North Carolina and Michigan law, the court grants defendant Travelers's motion to dismiss the complaint.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand, (DE 17), is DENIED and defendant Traveler's motion to dismiss, (DE 14), is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of August, 2022.

LOUISE W. FLANAGAN
United States District Judge